*Formatted for Electronic Distribution*                                                              *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

**In re:**

**Jessica Haskins and**
**Dennis Haskins,**
        **Debtors.**

Filed & Entered
On Docket
November 25, 2009

**Chapter 13 Case**
**# 09-10520**

*Appearances:*    Rebecca Rice, Esq., for the Debtors
                       Michael Shklar, Esq,. for Wachovia Dealer Services, Inc.

## ORDER
### SETTING EVIDENTIARY HEARING AND DETERMINING BURDEN OF PROOF

On September 15, 2009, the Court entered a scheduling order (doc. # 31) in which it found that there were issues of fact to be resolved before the Court could make a determination on the legal question of whether the vehicle in question was "acquired for personal use" for purposes of the hanging paragraph found in 11 U.S.C. § 1325(a), or otherwise qualified for bifurcation and modification in the chapter 13 plan, and directed the parties to file a joint pre-trial statement. Based upon the information in the joint pre-trial statement (doc. # 36) and the parties' memoranda of law (doc. ## 29, 30), the Court enters this Order to set a date for the evidentiary hearing and to give the parties advance notice of who it deems to have the burden of proof and what test it shall apply in analyzing the evidence presented.

This Court has not yet ruled on the question of which party has the burden of proof when a creditor objects to a debtor's proposed bifurcation of a claim under the "hanging paragraph" nor announced the test it will apply to determine whether a vehicle "was acquired for the debtor's personal use" under that provision of § 1325(a). Having considered the arguments presented by the parties, the language of the statute, and the relevant case law, the Court finds that the allocation of the burden of proof here must mirror the burden of proof applicable when a debtor files an objection to a proof of claim. The Court therefore adopts the reasoning of In re Bethoney, 384 B.R. 24 (Bankr. D Mass, 2008):

> [T]he Debtor is seeking to establish the value of the Vehicle under 11 U.S.C. § 506(a) and modify the rights of the secured creditor under 11 U.S.C. § 1322(b)(2). In a motion under 11 U.S.C. § 506(a), the debtor bears the initial burden of proof. As part of that burden, the debtor must demonstrate that 11 U.S.C. § 506 applies to the debt in question and the 'hanging paragraph' does not. In essence, the debtor must prove the absence of at least one of the elements found in the 'hanging paragraph.'

Id. at 31 (footnotes omitted) (citing Sovereign Bank, F.S.B. v. Finnegan (In re Finnegan), 358 B.R. 644, 649 (Bankr. M.D.Pa. 2006) for proposition that the debtor bears the initial burden of proof and In re Fletcher, 2007 WL 1804931 at * 2 (Bankr. S.D. Fla. June 19, 2007) for proposition that the debtor must demonstrate that § 506 applies and the hanging paragraph does not).

The Court further concludes that consideration of the totality of the circumstances is the proper test to apply when determining whether the "collateral for the debt consists of a motor vehicle . . . acquired for the personal use of the debtor," as that phrase is used in § 1325(a)'s hanging paragraph. That test has come to be regarded as the majority view. See In re Ozenkoski, __ B.R. __, 2009 WL 3517540 at * 2, 4 (Bankr. E.D. Mo. Oct. 23, 2009); In re LaDeaux, 373 B.R. 48, 53 (Bankr. S.D. Ohio 2007); In re Joseph, 2007 WL 950267 at *3 (Bankr. W.D. La. Mar. 20, 2007); In re Solis, 356 B.R. 398, 409 (Bankr. S.D. Tex 2006).[1]

IT IS THEREFORE ORDERED that an evidentiary hearing of up to one hour shall be held on **Tuesday, December 15, 2009 at 1:30 P.M**. at the U.S. Courthouse, West Street, Rutland, Vermont; and the burden of proof to be applied, and standard for analysis of the proof, shall be as set forth above.

SO ORDERED.

November 25, 2009  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] The Court acknowledges that this is a change in position from its earlier ruling in In re Marchese, # 09-10386 (doc. # 59, Sept. 23, 2009), where the Court held that the terms of the contract controlled and parol evidence would not be admitted. The Court has been persuaded by the case law to the contrary and will no longer apply the rationale it applied in the Marchese case.