UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

    **Dennis & Jessica Haskins,**
                **Debtors.**

Chapter 13 Case
# 09-10520

Filed & Entered
On Docket
March 25, 2010

Appearances:    Rebecca Rice, Esq.          Michael C. Shklar, Esq.
                     Rutland, VT                  Newport, N.H.
                     For the Debtors             For Wachovia Dealer Svc.

**MEMORANDUM OF DECISION**
**GRANTING THE DEBTORS' MOTION TO DETERMINE VALUE OF COLLATERAL,**
**OVERRULING WACHOVIA'S OBJECTION TO MOTION TO DETERMINE VALUE OF COLLATERAL**
**AND OVERRULING WACHOVIA'S OBJECTION TO CONFIRMATION**

    Dennis and Jessica Haskins (the "Debtors") seek to limit the amount of the allowed claim of Wachovia Dealer Services, Inc. ("Wachovia") to the value of the collateral securing that claim and Wachovia objects to that treatment, alleging that since its collateral is a motor vehicle that was purchased within 910 days of the bankruptcy filing, and purchased for the Debtors' personal use, the Debtors' must treat the full amount of Wachovia's claim as secured.[1]  For the reasons set forth below, the Court finds that Wachovia's position is not supported by the statute or controlling law, and therefore the Debtors' reduction of Wachovia's secured claim to the value of the collateral is permissible.

**PROCEDURAL HISTORY OF CONTESTED MATTERS**

    On July 2, 2009, the Debtors filed a motion to value the collateral securing Wachovia's claim at $11,450, fix the amount of Wachovia's secured claim to be $11,450 with the balance of Wachovia's claim to be treated as a general unsecured claim, and fix the interest rate to be paid on the secured portion of the claim at 4.5% (doc. # 18).  On August 5, 2009, the Debtor filed a plan proposing the same treatment of the Wachovia claim (doc. #24).  Wachovia filed an objection to both the motion to value collateral and the Debtors' plan (doc. ## 17, 19, 28).

    On November 25, 2009, the Court entered an order setting an evidentiary hearing on the two contested matters, articulating the allocation of the burden of proof with respect to the proposed bifurcation of the Wachovia claim, and setting forth the test the Court would apply in assessing the proof

---

[1] As noted below, Wachovia's proof of claim designated a portion of its claim as unsecured without explanation.  For purposes of this decision, the Court interprets Wachovia's request to have its claim treated as fully secured to be limited to the amount it designated as secured on its proof of claim.

1

(doc. # 45). The import of that order is that when, as here, a chapter 13 debtor files a motion to value collateral or a plan that has the effect of cramming down a secured claim, and the holder of that claim objects based upon the anti-cramdown provision of § 1325(a), the debtor will have the initial burden of going forward to show that the anti-cramdown provision is not applicable. In essence, the allocation of the burden of proof will mirror that of an objection to claim proceeding. With respect to the scope of evidence to be considered, the Court ruled that it would apply a totality of the circumstances test.

On January 12, 2010, the Court held an evidentiary hearing to address the two contested matters presented by the Debtors' amended chapter 13 plan (doc. # 24) which proposed to cram down the claim of Wachovia (claim # 10) secured by a 2006 Chevrolet Silverado, the Debtors' motion to value the Wachovia claim in an amount equal to the value of the collateral (doc. # 18), and Wachovia's objections to both the motion to value and the cramdown of its claim in the amended plan (doc. ## 19, 28).[2] The parties subsequently filed post-hearing memoranda of law (doc. ## 61, 62).

## ISSUES PRESENTED

Does the "hanging paragraph" following 11 U.S.C. § 1325(a)(9)[3] prohibit the Debtors from bifurcating Wachovia's claim, limiting Wachovia's secured claim to the value of the collateral, and treating the balance of the claim as unsecured, as they could otherwise do under §§ 506, 1322(b), and 1325(a)(5)? In particular, for purposes of the "hanging paragraph" was the vehicle that is collateral for Wachovia's claim purchased "for the Debtors' personal use," as that term is used in § 1325(a)?

## JURISDICTION

The Court has jurisdiction to adjudicate these contested matters, as core proceedings, pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B) & (L).

## PERTINENT STATUTE

The statute at the center of this dispute is the last subparagraph of § 1325(a), a provision that is colloquially known as the "hanging paragraph." It provides, in relevant part, that:

> For the purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . <u>acquired for the personal use of the debtor</u> . . . .

11 U.S.C. § 1325(a) (emphasis added). Under this subparagraph the Debtors are prohibited from

---

[2] The Court had entered Findings and Order Confirming Chapter 13 Plan on November 3, 2009 which specifically left open this question of how Wachovia's claim would be treated.

[3] Unless otherwise indicated all statutory citations refer to the Title 11, United States Code ("the Bankruptcy Code").

2

cramming down the Wachovia claim if: (1) the Debtors purchased the 2006 Silverado within the 910-day period prior to filing this bankruptcy case; (2) Wachovia holds a purchase money security interest in that motor vehicle; and (3) the vehicle was acquired for the Debtors' personal use.  The parties have stipulated that the vehicle was purchased within the specified time period and that Wachovia holds a purchase money security interest in that vehicle.  Hence, the focus of the Court's inquiry is whether the vehicle was acquired for the Debtors' personal use.  Neither the Bankruptcy Code nor the legislative history of BAPCPA provide any definition of "for the debtor's personal use" nor any guidance for determining whether a vehicle that was acquired for both personal and business use is within the scope of the statute.

### FINDINGS OF FACT

Based upon the pleadings in this contested matter and the other documents filed in this case, the Court makes the following finding of facts:

1. On November 7, 2006, the Debtors purchased a 2006 Chevrolet Silverado pickup truck (the "Vehicle"), with title issued in the Debtors' joint names.
2. The retail installment contract that the Debtors executed in connection with this purchase had a check box entry labeled "Use for Which Purchased" that set forth four options: personal, business, agricultural, and a blank that the parties could fill in; none of the boxes were checked.
3. The Debtors financed $32,535.34 as part of this purchase transaction (the "Vehicle Debt"), the Debtors gave a purchase money security interest in the Vehicle to secure the Vehicle Debt, and Wachovia is now the holder of that claim.
4. Debtor Dennis Haskins operated a property management business at the time the Debtors purchased the Vehicle and continued to operate that business through the date of the bankruptcy filing.
5. Both at the time of the purchase of the Vehicle and as of the date of the hearing in this matter, the Debtors owned a second vehicle which they used for their personal transportation and to meet regular family and household needs.
6. The Debtors made monthly payments on the Vehicle Debt until March 2009.
7. On May 5, 2009, exactly 910 days after the purchase of the Vehicle, the Debtors filed a bankruptcy petition initiating the instant chapter 13 bankruptcy case.
8. In schedule D of their bankruptcy petition, the Debtors listed Wachovia as the holder of a claim in the amount of $25,377, specifying that the collateral securing the claim had a value of $12,825 and the unsecured portion of the claim was $12,552.
9. The Debtors' chapter 13 plan proposed to pay Wachovia $11,450 on its secured claim, with

3

    interest at 4.5% per annum, in full satisfaction of its secured claim, with the unsecured balance of Wachovia's claim to be paid a dividend of .82%.[4]

10. Wachovia filed a proof of claim asserting that the Debtors owed it $25,072.68 on the date of the bankruptcy filing; it classified $19,050 of the claim as secured and $6,022.68 as unsecured (without any explanation for the bifurcation of the claim).

See doc. ## 1, 29, 30, 61, 62.

At the evidentiary hearing, the only witness to testify was Mr. Haskins. The Court found his testimony to be straightforward and credible. Based upon the testimony and documents admitted at the evidentiary hearing, the Court makes the following additional findings of fact:

11. At all times pertinent to this contested matter, Mr. Haskins was in business: he was self-employed as a property manager, doing business as Green Leaf Maintenance.

12. The Debtors purchased the Vehicle in joint name because Mr. Haskins would not have been able to get financing in his name alone.

13. The Debtor reported business income on line 12 of his tax returns for 2006, 2007 and 2008 (line 12, form 1040, Debtors' ex. 1), claimed a business expense for car and truck expenses on each of those tax returns (line 9, Sch C, Debtors' ex. 1), identified the truck used in his business as a 2006 Chevrolet Silverado, and designated between 75% and 100% of the Vehicle's use to be attributable to his business.[5]

14. At all times pertinent to this contested matter, Mr. Haskins had equipment that he used, and needed to transport, as part of his business, including lawnmowers, scaffolding and two trailers.

15. At the time the Debtors purchased the Vehicle, the Debtors had no conversation with the seller about Mr. Haskins' intended use of the Vehicle, and did not disclose this intent to the car dealership or lender at any time prior to the filing of the bankruptcy case.

16. Mr. Haskins made certain modifications to the Vehicle after he purchased it so it would be more useful in his business, to wit, he installed a ladder rack, tool box and tow package that allowed him to tow a trailer with electronic brakes. Wachovia had no notice of these modifications.

17. Mr. Haskins uses the Vehicle to go to all job sites, and infrequently drives it for any purpose unrelated to his business.

---

[4] The plan was later amended; however, the only change it made was to increase the dividend to unsecured creditors to 0.96%.

[5] On cross-examination, the Debtor testified that the 100% figure on the 2009 return was a mistake as he did drive the Vehicle occasionally for household errands and personal matters. However, he did not state that the non-business use in 2009 was any more than it had been in prior years.

18. Mrs. Haskins has a Hyundai which she drives; she has only driven the Vehicle on rare occasions, such as when her car was being repaired.

19. Mr. Haskins drives the Hyundai when doing household or family errands; he drives the Vehicle for doing household or family errands only if the Hyundai is not available.

20. The Vehicle is thus a mixed-use vehicle, i.e., it is used for both some personal and some business purposes.

21. The Vehicle is driven almost exclusively by Mr. Haskins and is used predominately in connection with his business.

## CONCLUSIONS OF LAW

A. For purposes of the hanging paragraph, whether the Vehicle was acquired for Mr. Haskins' personal use is determined by reference to his intent on the date of purchase. In re Matthews, 378 B.R. 481, 489-90 (Bankr. D. S.C. 2007) (citing In re Lorenz, 368 B.R. 476 (Bankr. E.D. Va. 2007)).

B. The Court looks to the totality of the circumstances to discern Mr. Haskins' intended to use of the Vehicle as of the date of purchase. (In re Ozenkoski, 417 B.R. 794, 798 (Bankr. E.D. Mo. 2009).

C. There are at least three major variations of the totality of the circumstances test that bankruptcy courts have used to determine whether a vehicle was acquired for a debtor's personal use. Ozenkoski, 417 B.R. 794 at 798–99.

D. The totality of the circumstances test articulated in In re Joseph, No. 06-50655, 2007 WL 950267 (Bankr. W.D. La. March 20, 2007), is the test that is most consistent with the language of the hanging paragraph and gives the term "personal use" its most logical and practical interpretation. The Court therefore adopts the Joseph test, and will look to the predominate use of the vehicle to determine if it is a personal use or business use vehicle for purposes of the hanging paragraph. Many, if not most, vehicles acquired by a debtor engaged in business will be used for both purposes. If a vehicle was purchased with the intent that it would be used predominately for the debtor's personal purposes, then the statutory element is present; if it was purchased with the intent that it would be used predominately for the debtor's business purposes, then the statutory element is not present and the anti-cramdown provision is not applicable.[6]

E. In this case, the Court took into account the following factors in assessing the totality of the circumstances with respect to the question of the Debtors' intended use of the Vehicle at the time of purchase: (i) that the installment contract has no box checked for "Use for Which Purchased,"

---

[6] In re Joseph, 2007 WL 950267 at *3–4.

5

   (ii) the nature of Mr. Haskins' property management business requires use of a truck, (iii) Mr. Haskins uses the Vehicle to transport the equipment he needs to perform his work, (iv) Mr. Haskins has consistently claimed a vehicle-related expense on his tax returns for the last three years, (v) the tax returns reflect that the percentage of business use for the Vehicle was between 75% and 100%; (vi) Mr. Haskins has used this type of vehicle in his business for at least three years, and (vii) Mr. Haskins modified the truck specifically for use in his business shortly after the Debtors purchased it.[7] Based upon these factors, the Court concludes that the Debtors intended the vehicle to be used in Mr. Haskins business at the time of purchase.

F. In considering the totality of the circumstances to ascertain whether the business use of the Vehicle was its predominate use, the Court found the following facts to be germane: (i) Mr. Haskins only used the Vehicle for non-business purposes on an infrequent basis, (ii) Mrs. Haskins very rarely drove the Vehicle, (iii) Mr. Haskins used the Vehicle for all jobs he performed as part of his business, and (iv) the nature and extent of any personal use of the vehicle, and the relative number of miles that the vehicle is driven for personal versus business uses is determinative.[8] Based upon these circumstances, the Court concludes that the Debtors' actual use of the Vehicle was predominately for non-personal, business-related purposes.

G. Since the Court has found that the Debtors intended Mr. Haskins would use the Vehicle in his business at the time of purchase, and that Mr. Haskins did use the Vehicle predominately to perform the functions of his business, the "for personal use" element necessary to trigger application of the anti-cramdown provision is absent from the facts of this case.

H. The Debtors have shown that one of the critical elements of the hanging paragraph, namely that the Vehicle was acquired for the Debtors' personal use, is not present. See In re Bethoney, 384 B.R. 24 (Bankr. D. Mass. 2008). Therefore, the anti-cramdown provision of § 1325(a) does not apply and the Debtors may bifurcate Wachovia's claim under § 506.

### WACHOVIA'S ARGUMENTS

In support of its objections, Wachovia argues that (a) the Debtors' failure to notify the lender of their intent to use the Vehicle for business purposes should deny them the right to assert now that this was their intent and the time of purchase, (b) the appropriate test is whether the Debtors personal use of the Vehicle is not "significant and material" and it is only logical that Mr. Haskins would use his business vehicle regularly for personal matters, (c) it is disingenuous for Debtors to argue that their jointly owned

---

[7] Id. at *3.

[8] Id. at *4.

6

Vehicle was acquired for the sole use of Mr. Haskins in his business, and (d) the Debtors have failed to satisfy their burden of proof as they have not shown that the Debtors did not acquire and use the Vehicle for significant and material personal use. See doc. # 30. The Court has considered these arguments and finds them to be either without merit or inconsistent with the Joseph standard.

## CONCLUSION

For the foregoing reasons, the Court finds that at the time the Debtors purchased the 2006 Chevrolet Silverado which is collateral for Wachovia's claim, they intended that Mr. Haskins would use it predominately in his business and the totality of the circumstances confirm that intent. Accordingly, the Court finds the Debtors have shown one of the three essential elements of the hanging paragraph is not present. Therefore, the prohibition against cram down set forth in the hanging paragraph does not apply and the Debtors may limit Wachovia's secured claim to the value of the collateral, pursuant to § 506. Based upon these findings and conclusions, Wachovia's objections to the motion to determine value of collateral and to confirmation are both overruled.

_____

March 25, 2010  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge